ANN P. HALLORAN, as Administratrix, etc., of THOMAS F. HALLO-
RAN, Deceased, Plaintiff, *v.* NATIONAL CASUALTY COMPANY OF
DETROIT, MICH., Defendant.

Supreme Court, Orleans County, May 4, 1929.

· *Bernard Ryan*, for the plaintiff.

*Raymond D. Fuller*, for the defendant.

HARRIS, J.   While the plaintiff's intestate was walking along the usual path for pedestrians on West Academy street, a public highway, in the village of Albion, on the 23d day of August, 1927, and while he was in the act of crossing the railroad tracks of the New York Central Railroad Company, which crossed such path and street at grade, he was struck by an east-bound engine of the New York Central Railroad Company and was instantly killed.

Said intestate was insured under a policy of the defendant, which policy provided, among other things, for the payment of the sum of $1,000 for the loss of life of the insured " by being struck or knocked down or run over while walking or standing on a public highway, by a vehicle propelled by steam, cable, electricity, naphtha, gasoline, compressed air, liquid or horsepower, excluding injuries sustained while working in the public highway or while on a railroad right of way."

The defendant disclaims liability under this policy, on the alleged

ground that the injuries from which death resulted were received while the plaintiff's intestate was on a railroad right of way. This calls for the construction of the phrase " while on a railroad right of way " contained in the verbiage of the policy above set forth. The company having drawn the policy and used the language therein, such language, if susceptible of several constructions, should be strictly construed in favor of the insured.

In the opinion of the court the proper construction to give to such phrase " on a railroad right of way " is not that it meant the passage over a grade railroad crossing in a public highway by a pedestrian using the usual path, as the defendant contends, but rather the placing of the insured on the railroad crossing in an unusual manner, such as walking the width of the highway along such railroad crossing, or walking along a railroad right of way which runs through a street parallel with and between the sides of the street, similar to the crossings found on West Genesee street in the city of Buffalo and various other cities of the State.

In view of this construction of the wording of the policy, the court finds that the plaintiff's intestate was not on a railroad right of way when this accident happened, and that the plaintiff is entitled to recover under the policy for the loss of life of her intestate.

A decision and a decree in accordance with the above may be presented to me for signature.